IRELL & MANELLA LLP
Morgan Chu (70446)
Alan J. Heinrich (212782)
Richard E. Lyon (229288)
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:   (310) 277-1010
Facsimile:    (310) 203-7199

Attorneys for Defendants
AVATAR FACTORY, IMVU, INC.,
AND WILLIAM D. HARVEY

TOWNSEND AND TOWNSEND AND CREW LLP
Byron W. Cooper (166578)
John E. Lord (216111)
379 Lytton Avenue
Palo Alto, California 94301
Telephone: (650)326-2400
Facsimile: (650) 326-2422

Attorneys for Plaintiff
FORTERRA SYSTEMS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| Forterra Systems, Inc., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> Avatar Factory, a California corporation, IMVU, Inc., a Delaware corporation, and William D. Harvey, an individual, <br><br> Defendants. | Case No. C05-04472 <br><br> **STIPULATED PROTECTIVE ORDER** |

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1   Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3   "Confidential" Information or Items:  information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4   "Highly Confidential – Attorneys' Eyes Only" Information or Items:  extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

STIPULATED PROTECTIVE ORDER
CASE NO. C05-04472
- 2 -

1    2.6    <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery

2 Material in this action.

3    2.7    <u>Designating Party</u>:  a Party or non-party that designates information or items that it

4 produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential —

5 Attorneys' Eyes Only."

6    2.8    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as

7 "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

8    2.9    <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who are retained

9 to represent or advise a Party in this action.

10    2.10   <u>House Counsel</u>:  attorneys who are employees of a Party.

11    2.11   <u>Counsel (without qualifier)</u>:  Outside Counsel and House Counsel (as well as their

12 support staffs).

13    2.12   <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to

14 the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

15 consultant in this action and who is not a past or a current employee of a Party or of a competitor

16 of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party

17 or a competitor of a Party's.  This definition includes a professional jury or trial consultant retained

18 in connection with this litigation.

19    2.13   <u>Professional Vendors</u>:  persons or entities that provide litigation support services

20 (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing,

21 storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

22 3.    <u>SCOPE</u>

23        The protections conferred by this Stipulation and Order cover not only Protected Material

24 (as defined above), but also any information copied or extracted therefrom, as well as all copies,

25 excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

26 parties or counsel to or in court or in other settings that might reveal Protected Material.

27

28

STIPULATED PROTECTIVE ORDER
CASE NO. C05-04472                                   - 3 -

4. <u>DURATION</u>

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party mark the initial page and the page or pages on which any Confidential Information appears with the legend "CONFIDENTIAL" and by marking the initial page and the page or pages on which any Highly Confidential – Attorneys' Eyes Only Information appears with the legend "HIGHLY CONFIDENTIAL – ATTORNEYS'

1  EYES ONLY." The Producing Party shall so mark documents or copies prior to or at the time of

2  supplying them to opposing counsel.

3        A Party or non-party that makes original documents or materials available for

4  inspection need not designate them for protection until after the inspecting Party has indicated

5  which material it would like copied and produced.  During the inspection and before the

6  designation, all of the material made available for inspection shall be deemed "HIGHLY

7  CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the

8  documents it wants copied and produced, the Producing Party must determine which documents,

9  or portions thereof, qualify for protection under this Order, then, before producing the specified

10  documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

11  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that

12  contains Protected Material.  If only a portion or portions of the material on a page qualifies for

13  protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making

14  appropriate markings in the margins) and must specify, for each portion, the level of protection

15  being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

16  EYES ONLY").

17        (b)   <u>for testimony given in deposition or in other pretrial or trial proceedings,</u>

18  that the testimony or information may be designated by a Producing Party as "CONFIDENTIAL "

19  or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information by indicating on the

20  record at the deposition, hearing, or other proceeding, the specific testimony or subject matter of

21  the testimony which contains "CONFIDENTIAL " information or "HIGHLY CONFIDENTIAL –

22  ATTORNEYS' EYES ONLY" information that is to be made subject to the provisions of this

23  Order.  The parties will use their best efforts to make all such designations during the deposition,

24  hearing, or other proceeding.  A Producing Party may later designate testimony or information

25  disclosed at a deposition, hearing, or other proceeding, as "CONFIDENTIAL " or "HIGHLY

26  CONFIDENTIAL – ATTORNEYS' EYES ONLY" by notifying all parties in writing, within

27  thirty days of receipt of the transcript, of the specific pages and lines of the transcript, or the

28

1    subject matter of the testimony that is to be designated "CONFIDENTIAL " or "HIGHLY

2    CONFIDENTIAL – ATTORNEYS' EYES ONLY". Each party shall attach a copy of such

3    written statement to the face of the transcript and each copy thereof in its possession, custody or

4    control. If no confidentiality designation is made at the time of a deposition, hearing, or other

5    proceeding, such testimony nonetheless shall be treated as "HIGHLY CONFIDENTIAL –

6    ATTORNEYS' EYES ONLY" information from the date of the deposition, hearing, or other

7    proceeding, until thirty days after receipt of the transcript, or until receipt of the notice referred to

8    in this paragraph, whichever occurs sooner.

9           Transcript pages containing Protected Material must be separately bound by the

10   court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or

11   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or

12   nonparty offering or sponsoring the witness or presenting the testimony.

13          (c)     for information produced in some form other than documentary, and for any

14   other tangible items, that the Producing Party affix in a prominent place on the exterior of the

15   container or containers in which the information or item is stored the legend "CONFIDENTIAL"

16   or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the

17   information or item warrant protection, the Producing Party, to the extent practicable, shall

18   identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly

19   Confidential – Attorneys' Eyes Only."

20   5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to

21   designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys'

22   Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection

23   under this Order for such material.  If material is appropriately designated as "Confidential" or

24   "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the

25   Receiving Party, on timely notification of the designation, must make reasonable efforts to assure

26   that the material is treated in accordance with the provisions of this Order.

27

28

6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

    6.1     <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2     <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

    6.3     <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

    7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

    (a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    (c)     experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    (d)     the Court and its personnel;

    (e)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

1        (f)     during their depositions, witnesses in the action to whom disclosure is

2    reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

3    (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal

4    Protected Material must be separately bound by the court reporter and may not be disclosed to

5    anyone except as permitted under this Stipulated Protective Order.

6        (g)     the author of the document or the original source of the information.

7        7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

8    Information or Items.  Unless otherwise ordered by the court or permitted in writing by the

9    Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

10   CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

11       (a)     the Receiving Party's Outside Counsel of record in this action, as well as

12   employees of said Counsel to whom it is reasonably necessary to disclose the information for this

13   litigation;

14       (b)     Experts (as defined in this Order) (1) to whom disclosure is reasonably

15   necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective

16   Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have

17   been followed;

18       (c)     the Court and its personnel;

19       (d)     court reporters, their staffs, and professional vendors to whom disclosure is

20   reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

21   Protective Order" (Exhibit A); and

22       (e)     the author of the document or the original source of the information.

23       7.4    Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL –

24   ATTORNEYS' EYES ONLY" Information or Items to "Experts"

25       (a)     Unless otherwise ordered by the court or agreed in writing by the

26   Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any

27   information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

28

1  EYES ONLY" must first disclose to the other party, by facsimile and first class mail, the identity,

2  residence, signed "Agreement to Be Bound by Protective Order," and curriculum vitae of each

3  Expert at least five (5) business days prior to the first disclosure of "HIGHLY CONFIDENTIAL –

4  ATTORNEYS' EYES ONLY" information to that Expert.  If a party objects to the identified

5  Expert, it shall make its objections known in writing within five (5) business days of notification.

6  If agreement on the Expert cannot be reached, the objecting party shall have ten (10) business days

7  after making its objections known to seek a protective order from the Court.  In such case, no

8  disclosure shall be made to the Expert until the Court has ruled on the motion for a protective

9  order.  If the objecting party fails to seek a protective order within that time, the objection shall be

10 deemed waived and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information

11 may be disclosed to the subject only to this Protective Order.

12 8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

13 LITIGATION.

14          If a Receiving Party is served with a subpoena or an order issued in other litigation

15 that would compel disclosure of any information or items designated in this action as

16 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

17 Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately

18 and in no event more than three court days after receiving the subpoena or order.  Such

19 notification must include a copy of the subpoena or court order.

20          The Receiving Party also must immediately inform in writing the Party who caused

21 the subpoena or order to issue in the other litigation that some or all the material covered by the

22 subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must

23 deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

24 caused the subpoena or order to issue.

25          The purpose of imposing these duties is to alert the interested parties to the

26 existence of this Protective Order and to afford the Designating Party in this case an opportunity to

27 try to protect its confidentiality interests in the court from which the subpoena or order issued.

28

STIPULATED PROTECTIVE ORDER
CASE NO. C05-04472                                    - 10 -

1  The Designating Party shall bear the burdens and the expenses of seeking protection in that court

2  of its confidential material – and nothing in these provisions should be construed as authorizing or

3  encouraging a Receiving Party in this action to disobey a lawful directive from another court.

4  9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

5      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

6  Material to any person or in any circumstance not authorized under this Stipulated Protective

7  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

8  unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,

9  (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

10 this Order, and (d) request such person or persons to execute the "Acknowledgment and

11 Agreement to Be Bound" that is attached hereto as Exhibit A.

12 10.   FILING PROTECTED MATERIAL.  Without written permission from the Designating

13 Party or a court order secured after appropriate notice to all interested persons, a Party may not file

14 in the public record in this action any Protected Material.  A Party that seeks to file under seal any

15 Protected Material must comply with Civil Local Rule 79-5.

16 11.   FINAL DISPOSITION.  Unless otherwise ordered or agreed in writing by the Producing

17 Party, within sixty days after the final termination of this action, each Receiving Party must return

18 all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material"

19 includes all copies, abstracts, compilations, summaries or any other form of reproducing or

20 capturing any of the Protected Material.  With permission in writing from the Designating Party,

21 the Receiving Party may destroy some or all of the Protected Material instead of returning it.

22 Whether the Protected Material is returned or destroyed, the Receiving Party must submit a

23 written certification to the Producing Party (and, if not the same person or entity, to the

24 Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the

25 Protected Material that was returned or destroyed and that affirms that the Receiving Party has not

26 retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing

27 any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an

28

STIPULATED PROTECTIVE ORDER
CASE NO. C05-04472                              - 11 -

1    archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or

2    attorney work product, even if such materials contain Protected Material. Any such archival

3    copies that contain or constitute Protected Material remain subject to this Protective Order as set

4    forth in Section 4 (DURATION), above. *See, Hartford Fire Ins. Co. v. Garvey,*

5    12.    INADVERTENT PRODUCTION. ~~The production of any discovery materials governed~~ *109*

6    ~~by this Protective Order shall be without prejudice to any claim by the Producing Party that such~~ *FRD*

7    ~~discovery materials are protected from discovery on the basis of privilege or the work-product~~ *323,*

8    ~~doctrine, so long as such production was made inadvertently. No Producing Party shall be held to~~ *331-32*

9    ~~have waived any of its rights by such an inadvertent production. If, after discovery materials are~~ *(N.D. Cal.*

10    ~~produced, a claim of privilege and/or work product is subsequently made, the Receiving Party~~ *1985)*

11    ~~shall take reasonable steps to ensure that all known copies of such discovery materials are returned~~ *PVT*

12    ~~promptly to the Producing Party. After the return of the discovery materials, the Receiving Party~~

13    ~~may challenge the Producing Party's claim of privilege and/or work-product by filing a motion~~

14    ~~with the Court. Any determination by the Court on the Producing Party's claim of privilege and/or~~

15    ~~work-product shall be made without regard to the fact that such discovery materials have been~~

16    ~~produced so long as such production was made inadvertently. The Receiving Party shall bear the~~

17    ~~burden of proving that such production was not made inadvertently.~~ *PVT*

18    13.    EXPERT DISCOVERY. The Parties agree that expert discovery will be limited to the

19    final expert report(s) and all information, documents or things upon which the expert relied in

20    preparing the final expert report(s). The parties agree that an expert's draft reports, notes and other

21    communications (to the extent not relied upon in preparing the final expert report(s)) will be

22    excluded from expert discovery unless specifically relied upon in preparing the final expert

23    report(s).

24    14.    MISCELLANEOUS

25       14.1    Right to Further Relief. Nothing in this Order abridges the right of any person to

26    seek its modification by the Court in the future.

27

28

STIPULATED PROTECTIVE ORDER
CASE NO. C05-04472

1    14.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective

2    Order no Party waives any right it otherwise would have to object to disclosing or producing any

3    information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no

4    Party waives any right to object on any ground to use in evidence of any of the material covered

5    by this Protective Order.

6

7         IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

8

9    RESPECTFULLY SUBMITTED :

10   Dated: April 21, 2006                 IRELL & MANELLA LLP

11                                         By: /s/ Richard E. Lyon
                                               Richard E. Lyon
12                                             Attorneys for Defendants
                                               AVATAR FACTORY, IMVU, INC.,
13                                             AND WILLIAM D. HARVEY

14   Dated: April 21, 2006                 TOWNSEND AND TOWNSEND AND CREW LLP

15                                         By: /s/ John E. Lord
                                               Byron W. Cooper
16                                             John E. Lord
                                               Attorneys for Plaintiff
17                                             FORTERRA SYSTEMS, INC

18        I hereby attest, pursuant to section X of General Order 45, that concurrence in the filing of

19   this document has been obtained from Richard E. Lyon, Esq., Attorneys for Defendants, Avatar

20   Factory, IMVU, Inc., and William D. Harvey.

21   Dated: April, 21, 2006

22
                                           By:/s/ John E. Lord
23

24   **IT IS SO ORDERED.**

25   Dated: 4/31/06                        Patricia V. Trumbull

26                                         HON. PATRICIA V. TRUMBULL
                                           United States District Judge
27

28

STIPULATED PROTECTIVE ORDER
CASE NO. C05-04472                      - 13 -

1

EXHIBIT A

2

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3    I, _____ [print or type full name], of _____

4    [print or type full address], declare under penalty of perjury that I have read in its entirety and

5    understand the Stipulated Protective Order that was issued by the United States District Court for

6    the Northern District of California on _____ in the case of *Forterra Systems, Inc. v. Avatar*

7    *Factory et al.* (N.D. Cal. Case No.: C05-04472 PVT). I agree to comply with and to be bound by

8    all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to

9    so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly

10   promise that I will not disclose in any manner any information or item that is subject to this

11   Stipulated Protective Order to any person or entity except in strict compliance with the provisions

12   of this Order.

13         I further agree to submit to the jurisdiction of the United States District Court for the

14   Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

15   Order, even if such enforcement proceedings occur after termination of this action.

16         I hereby appoint _____ [print or type full name] of

17   _____ [print or type full address and telephone number]

18   as my California agent for service of process in connection with this action or any proceedings

19   related to enforcement of this Stipulated Protective Order.

20   Date: _____

21   City and State where sworn and signed: _____

22   Printed name: _____
                              [printed name]

23

24   Signature: _____
                              [printed name]

25

26

27

28

STIPULATED PROTECTIVE ORDER
CASE NO. C05-04472

- 14 -