1   TOWNSEND AND TOWNSEND AND CREW LLP
    BYRON W. COOPER (State Bar No. 166578)
2   JOHN E. LORD (State Bar No. 216111)
    379 Lytton Avenue
3   Palo Alto, California  94301
    Telephone: (650) 326-2400
4   Facsimile: (650) 326-2422
    E-mail:     bwcooper@townsend.com
5               jelord@townsend.com

6   Attorneys for Plaintiff
    FORTERRA SYSTEMS, INC.

7

8

9                     UNITED STATES DISTRICT COURT

10              FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                        SAN JOSE DIVISION

12

13   Forterra Systems, Inc., a California corporation,    Case No.    C05-04472 PVT

14              Plaintiff,                                **PLAINTIFF FORTERRA SYSTEMS,**
                                                          **INC.'S NOTICE OF MOTION AND**
15          v.                                            **MOTION TO COMPEL PRODUCTION**
                                                          **OF DOCUMENTS AND THINGS**
16   Avatar Factory, a California corporation,
     IMVU, Inc., a Delaware corporation, and
17   William D. Harvey, an individual,                    DATE:     August 22, 2006
                                                          TIME:     10:00 a.m.
18              Defendants.                               PLACE:    Courtroom 5, 4th Floor

19                                                        Chief Magistrate Judge Patricia V. Trumbull

20

21          TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

22          PLEASE TAKE NOTICE that on August 22, 2006, at 10:00 a.m., or as soon thereafter as

23   counsel may be heard, in Courtroom No. 5 of the above-referenced Court, located at 280 South First

24   Street, San Jose, CA  95113, the Honorable Patricia V. Trumbull presiding, Plaintiff Forterra Systems,

25   Inc. ("Forterra") will and hereby does move the Court to compel Defendant IMVU, Inc. ("IMVU") to

26   produce documents required by Patent Local Rule 3-4(a) and documents responsive to Forterra's First

27   Set of Document Requests Nos. 26-30.

28          This motion is based upon this Notice, the attached Memorandum, the Declaration of John E.

1  Lord ("Lord Decl."), the Declaration of Richard F. Ferraro ("Ferraro Decl.") and upon any evidence or

2  arguments presented at the hearing.

3       Forterra has complied with Local Rules 7-2(a) and 37-1 in submitting this motion.  *See* Lord

4  Decl., ¶¶ 11, 12.

5                    **MEMORANDUM OF POINTS AND AUTHORITIES**

6  **I.     INTRODUCTION**

7       This is a case of patent infringement.  Forterra alleges that IMVU infringes U.S. Patent No.

8  6,784,901 ("the '901 patent"), entitled "Method System and Computer Program Product for the

9  Delivery of a Chat Message in a 3D Multi-User Environment."

10      On March 24, 2006, pursuant to Patent Local Rule 3-4(a), IMVU was required to produce its

11 "source code, specifications, schematics, flow charts, artwork, [and] formulas," relating to the accused

12 instrumentality (i.e., the instant messaging software available for download at IMVU.com).  The Local

13 Rules required these disclosures without request from Forterra.  "The Local Rules are not like other

14 forms of discovery which require a formal request by the opposing party.  Rather, it is the

15 responsibility of the party itself to make disclosures that satisfy the Rules."  *Cryptography Research,*

16 *Inc. v. Visa Int'l Serv. Ass'n*, No. 04-4143, 2005 U.S. Dist. LEXIS 37013, at *8 (N.D. Cal. Jul. 27,

17 2005).

18      To date, IMVU has produced only a small portion of its source code.[1]  Despite being over

19 three months past due, and despite Forterra's repeated requests, IMVU has refused to provide its entire

20 source code.  IMVU's source code is unarguably the most relevant piece of evidence regarding the

21 operation and functionality of IMVU' s product and is necessary for Forterra's infringement analysis.

22 IMVU's delay in producing its source code has prejudiced Forterra's investigation and trial preparation

23 of this case.

24      Accordingly, Forterra respectfully asks this Court for an Order compelling IMVU to produce

25

26 [1]  Forterra also sought IMVU's source code and other technical documents in Forterra's First Set of
   Document Requests.  *See* Exh. A, Request Nos. 26-30, attached to Lord Decl.  (All subsequent exhibit
27 references are to the accompanying Declaration of John E. Lord).

28

1  at least the following documents:

2      (1) IMVU's complete source code for all aspects of the accused product, in its native format,

3  that is, in electronic searchable format.

4      (2) All specifications, schematics, flow charts, artwork, formulas, and other documentation

5  sufficient to show the operation of any aspect of the accused product.

6  **II.     PROCEDURAL HISTORY**

7      On March 6, 2006, Forterra served its First Set of Document Requests to IMVU.  Forterra's

8  document requests sought documents relating to, among other things, the source code, specifications,

9  flowcharts, schematics, and drawings for all versions of the accused product in this action.  *See* Exh. A

10  at Request Nos. 26-30.

11      On March 24, 2006, pursuant to Local Rules 3-3 and 3-4, IMVU served its Preliminary

12  Invalidity Contentions.  Local Rule 3-3 required IMVU to assert its invalidity contentions and Local

13  Rule 3-4 required IMVU to produce its source code and other technical documents relating to the

14  accused instrumentality.  Local Rule 3-4 states that:

15          With the "Preliminary Invalidity Contentions," the party opposing a claim of
16          patent infringement must produce or make available for inspection and copying:
            (a) Source code, specifications, schematics, flow charts, artwork, formulas, or
17          other documentation sufficient to show the operation of <u>any aspects or elements of
            an Accused Instrumentality</u> identified by the patent claimant in its Patent L.R.
18          3-1(c) chart. (emphasis added).

19      By April 27, 2006, Forterra had not received any documents responsive to its discovery

20  requests or responsive to L.R. 3-4.  Forterra consequently sent an email to IMVU inquiring about

21  IMVU's document production.  *See* Exh. C.  IMVU responded on May 2, 2006, indicating that it

22  would produce documents "in the early part of next week."  *See* Exh. D.

23      On May 12, 2006, IMVU produced its responsive set of documents.  With respect to its source

24  code, IMVU produced only fifty-four pages of code, relating to one aspect of the accused product.

25  *See* Exh. E; Ferraro Decl., ¶ 10.  L.R. 3-4(a) required IMVU to produce its entire source code (i.e.,

26  "any aspects or elements of an Accused Instrumentality"); therefore, Forterra sent correspondence to

27  IMVU on May 23, 2006, detailing IMVU's deficiencies.  *See* Exh. F.

28      IMVU responded on June 2, 2006, stating that it had produced source code "for the accused

1    functionality of the IMVU messaging system." *See* Exh. G.  IMVU's disclosure, however, did not

2    contain code for the functionality required for all the asserted claims, such as the functionality for

3    "enabling at least one processor to receive a message" as required in claim 86 of the '901 patent.

4    Ferraro Decl., ¶ 10.  Forterra sent a second correspondence on June 12, 2006, again requesting that

5    IMVU comply with the local rules and produce its source code.  *See* Exh. H.  IMVU again responded

6    that it was not required to do so.  *See* Exh. I.

7         At the claim construction hearing on June 27, 2006, Forterra approached IMVU and requested

8    a meet and confer.  During the meet and confer telephone conversation the following week, IMVU

9    claimed that it was not obligated to produce its complete source code.  IMVU stated that Forterra

10   could inspect the code but could not copy or otherwise reproduce it.  Forterra sent another

11   correspondence on July 7, 2006, detailing IMVU's incorrect legal and factual position.  *See* Exh. J.

12   The parties engaged in yet another series of correspondence to resolve this dispute, but were unable to

13   do so.  *See* Exhs. K and L.

14        IMVU has forced Forterra to seek the Court's attention to obtain source code that is routinely

15   produced in patent cases.  As set forth below, the local and federal rules require production of IMVU's

16   source code.  IMVU's withholding of this relevant information has delayed and disrupted Forterra's

17   discovery efforts.  This Court should order IMVU to provide it source code and all other technical

18   documents showing the operation of the accused product.

19   **III.    THIS COURT SHOULD ORDER IMVU TO PRODUCE ITS SOURCE CODE AND
20         OTHER DOCUMENTATION SHOWING THE OPERATION OF THE ACCUSED
           PRODUCT**

21        **A.    Rule 37 Authorizes This Court to Compel IMVU to Comply with its Discovery
              Obligations**

22
23        Pursuant to Fed. R. Civ. P. 37(a), the Court is authorized to compel discovery if "a party fails

24   to make a disclosure required by Rule 26(a)" or if "a party, in response to a request for inspection

25   submitted under Rule 34, fails to . . . permit inspection as requested."  An "evasive or incomplete

26   disclosure, answer, or response" is proper grounds to bring a motion to compel.  Fed. R. Civ. P.

27   37(a)(3).

28

**B.**     **Patent Local Rule 3-4(a) and Federal Rule of Civil Procedure 26(b) Require IMVU to Produce its Source Code**

The Patent Local Rules serve as a "discovery device" that lay out an orderly procedure for patent initial disclosures and claim construction proceedings.  *See Cryptography Research*, 2005 U.S. Dist. LEXIS 37013 at *5.

Patent Local Rule 3-4(a) states that "the party opposing a claim of patent infringement must produce or make available for inspection and copying its source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality. . ." (emphasis added).

IMVU asserts that it complied with the local rules by producing the portions of the code it deemed to be relevant.  *See* IMVU's correspondence at Exhs. G, I.  Local Rule 3-4(a), however, requires IMVU to produce source code and other technical documents relating to "any aspects or elements of an Accused Instrumentality" (emphasis added).  Thus, any and all aspects of the code must be produced, not certain aspects designated by the opposing party.  This requirement is without qualification.  *See, e.g., Cryptography Research,* 2005 U.S. Dist. LEXIS 37013, at *7 (Patent Local Rule 3-4 "calls for much more than the narrow definition adopted by [defendant] . . . A more reasonable reading of the rule is that [defendant] must provide enough documentation to sufficiently show the operation of any aspects or elements of an Accused Instrumentality.")

Similarly, Fed. R. Civ. P. 26 allows for discovery regarding any matter "that is relevant to the claim or defense of any party" and "appears reasonably calculated to lead to the discovery of admissible evidence."  IMVU's source code is unquestionably related to Forterra's claim for patent infringement and, at the very least, is reasonably calculated to lead to the discovery of admissible evidence.  Further, the fact that the Local Rules allow for discovery of source code into any aspect of the accused product shows that the source code is always relevant to a claim of patent infringement where software is at issue.

Notwithstanding the disclosure requirement mandated by the local and federal rules, IMVU's source code is necessary for Forterra to conduct its infringement analysis.  IMVU is incorrect when it asserts that it has produced all code relevant to the functionalities of the IMVU product at issue.  Forterra has alleged fifteen potentially infringing claims, all covering different scope.  Forterra has the

1    burden of proving, *inter alia*, that the accused product infringes the '901 patent.  In order to meet its

2    burden, Forterra must be able to do more than show that IMVU's accused product performs one small

3    function--it must be able to show with particularity how the accused product satisfies each claim

4    element of the fifteen asserted claims.  To prove infringement, Forterra must be able to show the

5    internal design and function of the entire accused product, and cannot rely on IMVU's representation

6    regarding which sections of the code are relevant.

7        Further, Forterra's expert deems additional source code necessary.  Ferraro Decl., ¶ 10.

8    Forterra's expert requires the full body of the source code (in searchable electronic format) to

9    completely analyze the architecture, operation and function of the accused product.  *Id.* at ¶¶ 10, 11.

10   Without the complete source code, Forterra's expert will not be able to understand or sufficiently

11   analyze the context of the code produced.  *Id.*

12       Though IMVU has allowed Forterra to inspect the entire code, IMVU has placed a restriction

13   whereby Forterra cannot copy or otherwise reproduce the code.  *See* Exh.  K, L.  IMVU's position

14   violates L.R. 3-4(a) which requires either production or "inspection and copying" of the source code.

15   IMVU has provided no authority where mere inspection is sufficient.  Rather than complying with the

16   Local Rules, IMVU has further proposed that Forterra can request for additional source code and

17   IMVU will take "Forterra's request under prompt consideration."  *See* Exh. K.  Under IMVU's

18   proposal, however, after inspection Forterra will have to again convince IMVU to disclose this

19   information.  Again, there is no legal or factual basis for IMVU's position.  IMVU has provided no

20   justification for why it should be permitted to control how Forterra conducts its investigation.

21       IMVU's complete source code is relevant under both the local and federal rules, and is

22   necessary for Forterra to conduct its infringement analysis.  Ferraro Decl., ¶ 10.  The Court should

23   order IMVU to produce its source code in its entirety.

24   **C.    The Court Should Order IMVU to Respond to Forterra's Discovery Requests Nos. 26-30.**

25       Forterra's Document Requests Nos. 26-30 seek similar documents as required by L.R. 3-4(a).

26   Forterra's Request Nos. 26-30 and IMVU's corresponding responses are set forth below:

27   **REQUEST NO. 26:**

28

1   Documents, including without limitation, specifications, data sheets, drawings, circuit

2   diagrams, prototypes, notes, notebooks workbooks, project reports, correspondence, memoranda,

3   source code, cell libraries, net lists, and test results pertaining to the design, research, development, or

4   testing of the accused product.

5   **IMVU's RESPONSE TO NO. 26:**

6   Defendant incorporates the General Statement and Objections recited above as if set forth fully

7   herein.  Defendant also objects to this request to the extent that it calls for the production of

8   documents that fall within the protection of the attorney-client privilege, the attorney work product

9   doctrine, the common-interest privilege, and the joint-defense privilege, or any other applicable

10  privilege or doctrine.  Defendant also objects to this request to the extent that it calls for documents

11  that are not relevant to the subject matter of this action, nor reasonably calculated to lead to the

12  discovery of admissible evidence.  Defendant also objects to this request as unduly burdensome,

13  harassing, oppressive and overboard.  Defendants also objects to this request to the extent that is is

14  vague and ambiguous, including with respect to the terms "cell libraries" and "net lists."

15  Subject to and without waiving the foregoing objections:  Defendant will produce non-

16  privileged and non-work-product responsive documents, if any, in its possession, custody, or control

17  that are reasonably related to pertinent aspects of the accused product properly at issue in this

18  litigation.

19  **REQUEST NO. 27:**

20  Documents pertaining to the operation, capabilities, algorithms, function or features of the

21  accused product, including but without limitation, specifications, source code, flowcharts, data

22  structure descriptions, user manuals, test results, schematics, technical drawings, design documents,

23  marketing materials, brochures and help files.

24  **IMVU's RESPONSE TO NO. 27:**

25  Defendant incorporates the General Statement and Objections recited above as if set forth fully

26  herein.  Defendant also objects to this request to the extent that it calls for the production of

27  documents that fall within the protection of the attorney-client privilege, the attorney work-product

28  doctrine, the common-interest privilege, and the joint-defense privilege, or any other applicable

1   privilege or doctrine.  Defendant also objects to this request to the extent that it calls for documents

2   that are not relevant to the subject matter of this action, nor reasonably calculated to lead to the

3   discovery of admissible evidence.  Defendant also objects to this request as unduly burdensome,

4   harassing, oppressive and overboard.

5          Subject to and without waiving the foregoing objections: Defendant will produce non-

6   privileged and non-work-product responsive documents, if any, in its possession, custody, or control

7   that are reasonably related to pertinent aspects of the accused product properly at issue in this

8   litigation.

9   **REQUEST NO. 28:**

10          All versions of the source code for the accused product.

11   **IMVU's RESPONSE TO NO. 28:**

12   Defendant incorporates the General Statement and Objections recited above as if set forth fully herein.

13   Defendant also objects to this request to the extent that it calls for the production of documents that

14   fall within the protection of the attorney-client privilege, the attorney work-product doctrine, the

15   common-interest privilege, and the joint-defense privilege, or any other applicable privilege or

16   doctrine.  Defendant also objects to this request to the extent that it calls for documents that are not

17   relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of

18   admissible evidence.

19          Subject to and without waiving the foregoing objections: Defendant will produce relevant

20   source code for the pertinent aspects of the accused product properly at issue in this litigation.

21   **REQUEST NO. 29:**

22          All versions of any code or electronic files used in the design, development, or manufacture of

23   the accused product.

24   **IMVU's RESPONSE TO NO. 29:**

25          Defendant incorporates the General Statement and Objections recited above as if set forth fully

26   herein.  Defendant also objects to this request to the extent that it calls for the production of

27   documents that fall within the protection of the attorney-client privilege, the attorney work-product

28   doctrine, the common-interest privilege, and the joint-defense privilege, or any other applicable

1  privilege or doctrine.  Defendant also objects to this request to the extent that it calls for documents

2  that are not relevant to the subject matter of this action, nor reasonably calculated to lead to the

3  discovery of admissible evidence.  Defendant also objects to this request as unduly burdensome,

4  harassing, oppressive and overboard.

5       Subject to and without waiving the foregoing objections: Defendant will produce non-

6  privileged and non-work-product responsive documents, if any, in its possession, custody, or control

7  that are reasonably related to pertinent aspects of the accused product properly at issue in this

8  litigation.

9  **REQUEST NO. 30:**

10      Samples of each version of the accused product and all instruction or other guidance

11  information associated with the use or demonstration of these versions.

12  **IMVU's RESPONSE TO NO. 30:**

13      Defendant incorporates the General Statement and Objections recited above as if set forth fully

14  herein.  Defendant also objects to this request to the extent that it calls for the production of

15  documents that fall within the protection of the attorney-client privilege, the attorney work-product

16  doctrine, the common-interest privilege, and the joint-defense privilege, or any other applicable

17  privilege or doctrine.  Defendant also objects to this request to the extent that it calls for documents

18  that are not relevant to the subject matter of this action, nor reasonably calculated to lead to the

19  discovery of admissible evidence.  Defendant also objects to this request to the extent that is vague

20  with respect to the phrase "instruction or other guidance information."

21      Subject to and without waiving the foregoing objections:  Defendant will produce relevant

22  non-privileged and non-work-product documents, if any, in its possession, custody, or control that are

23  reasonably responsive to this request.

24      *See* a true and correct copy of Document Requests Nos. 26-30 and the corresponding

25  Responses at Exhs. A and B, respectively.

26      As discussed above, IMVU should not be able to determine what portions of the code are

27  "reasonably related to pertinent aspects of the accused product."  IMVU is required to disclose its

28  complete source code.

1

### D.     A Balancing of the Parties' Interests Weighs Heavily in Favor of Disclosure

2
3
If the Court were to balance interests between the parties, the scale tips decidedly in favor of compelling disclosure.

4
5
6
7
8
9
10
11
First, IMVU has not asserted any harm or undue burden in producing its source code.  IMVU's correspondence has been silent on this issue.  Further, any potential harm to IMVU caused by disclosure is substantially minimized or eliminated by the Stipulated Protective Order, which allows IMVU to designate its most sensitive documents as "Attorney's Eyes Only."  Therefore, the existence of this Protective Order supports disclosure.  It is also Forterra's understanding that portions of IMVU's code are open-source and freely available to the public.  As Forterra has indicated in its correspondence, Forterra is more than willing to agree to reasonable restrictions on IMVU's source code, such as controlling access and disclosure, if that is of concern to IMVU.

12
13
14
15
16
Finally, Forterra has no other means to obtain the information sought.  As previously explained, the information sought is highly relevant and is critical for Forterra to prove its infringement case.  Without it, Forterra will be severely prejudiced in its investigation and prosecution of this case.  IMVU should not be permitted to so unnecessarily limit Forterra's analysis and use of IMVU's source code, particularly with the safeguards imposed by the Protective Order.

17
### IV.     CONCLUSION

18
19
20
IMVU has failed to comply with its discovery obligations.  Forterra respectfully requests the Court order IMVU to produce all documents required to be disclosed under Local Rule 3-4(a), as well as all documents responsive to Document Request Nos. 26-30.

21

22
DATED:  July 13, 2006                    Respectfully submitted,

23

24
By:    /s/  John E. Lord
       Byron W. Cooper

25
       John E. Lord
       TOWNSEND AND TOWNSEND AND CREW LLP
       Attorneys for Plaintiff

26
       FORTERRA SYSTEMS, INC.

60817470 v1

27

28