UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FORTERRA SYSTEMS, INC., a California Corporation,<br><br>            Plaintiff,<br><br>   v.<br><br>AVATAR FACTORY, a California Corporation, IMVU, inc., a Delaware corporation, and WILLIAM D. HARVEY, an individual<br><br>            Defendants. | Case No.: C-05-04472 PVT<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT TO STRIKE AFFIRMATIVE DEFENSE OF INVALIDITY** |

I.   **INTRODUCTION**

      Plaintiff Forterra Systems, Inc. ("Forterra") is the owner of U.S. Patent No. 6,784,901 ("the '901 patent). [1] The invention of the '901 patent relates to a method, system and computer program for delivering electronic chat messages in a three-dimensional ("3D") multi-user environment. Forterra claims that Defendant IMVU, Inc. ("IMVU") operates an on-line chat system that infringes the '901 patent. Presently before the court is Forterra's Motion for Partial Summary Judgment. Forterra moves to strike Defendants' assertion of the affirmative defense of

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

invalidity. Forterra argues that the doctrine of assignor estoppel precludes Defendants from asserting an invalidity defense.[2]

Assignor estoppel "is an equitable doctrine that prevents one who has assigned the rights to a patent from later contending that what was assigned is a nullity. The estoppel also operates to bar other parties in privity with the assignor, such as a corporation founded by the assignor." *See Diamond Scientific v. Ambico, Inc.*, 848 F.2d 1220, 1224 (Fed. Cir. 1988). Defendants filed a "Statement in Response" as opposed to an Opposition to the motion. Defendants candidly admit that: " under the fairest reading of the binding precedent of *Diamond Scientific v. Ambico, Inc.*, 848 F.2d 1220 (Fed. Cir. 1988), and its Federal Circuit progeny, this Court has little choice but to grant Forterra's Motion." (Statement at 2.) Defendants, however, also expressed their belief that this case might present circumstances that would warrant an exception to the assignor estoppel doctrine and reserved their right to argue on appeal for such an exception.

The binding precedent is clear that assignor estoppel precludes Defendants from asserting an invalidity defense. At this time, no circumstances exist that would justify this Court making an exception to the doctrine. Accordingly, It Is Hereby Ordered that Forterra's Motion is granted and Summary Judgement is granted in favor of Forterra as to Defendants' asserted affirmative defense of invalidity.

IT IS SO ORDERED.

Dated: September *15* , 2006

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[2] This motion was set for hearing on September 19, 2006. The Court vacated the hearing date and decides the motions on the papers submitted.