UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FORTERRA SYSTEMS, INC., a California Corporation,<br><br>               Plaintiff,<br><br>   v.<br><br>AVATAR FACTORY, a California Corporation, IMVU, inc., a Delaware corporation, and WILLIAM D. HARVEY, an individual<br><br>               Defendants. | Case No.: C-05-04472 PVT<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF SOURCE CODE AND PLAINTIFF'S MOTION TO SHORTEN TIME FOR THE MOTION TO COMPEL AS MOOT** |

## I. INTRODUCTION

On August 22, 2006, this court issued an Order Granting Forterra's Motion to Compel Defendants to produce its entire source code for review by Forterra's expert, Richard Ferraro. (the "Order".) [1] The Order also required the parties to "meet an confer to agree upon a procedure by which Ferraro can seek to change the designation of portions of the source code from his eyes only to outside counsel only." ( Order at p.3) The Order also stated: "If the parties cannot agree upon the portions of the code that should be re-designated, they can bring the

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

matter back before the court." (*Id.*).

On October 31, 2006, Forterra filed a Motion for Hearing in Compliance with Court's Order Granting Forterra's Motion to Compel Production of IMVU's Source Code, purporting to set the hearing for November 7, 2006. On November 1, 2006, the court informed Forterra that the hearing had not been set in accordance with the Civil Local Rules and that no hearing would be held on shortened time without a proper request and supporting authority. The same day Forterra filed a Motion to Shorten Time.[2] Forterra asserts that a hearing on November 7, 2006 is necessary because the hearing must happen prior to the November 14, 2006 deadline for filing its Opposition to Defendants' Motion for Summary Judgment of Non-Infringement. Forterra claims that it needs portions of the source code to be re-designated to allow outside counsel to review them prior to filing the opposition.

## II. DISCUSSION

IMVU provided the source code to Forterra's expert, Ferraro on September 8, 2006. (Lyon Decl. Exh. 4.) Forterra did not seek additional access to files until October 17, 2006, six weeks later, when Forterra informed IMVU that expert Ferraro was having difficulty analyzing the source code and asked IMVU to release a copy of the code to expert Entine. (Lyon Decl. Exh. 6). On October 18, 2006, the very next day, IMVU agreed to allow Entine to examine the source code when (Lyon Decl. Exh. 7). On October 25, 2006, Forterra sent IMVU a list of directories that they wished to allow outside counsel to examine. (Lord Decl. Exh. D.) On October 30, 2006, IMVU responded that it did not object to the re-designation of nine of the fourteen directories, but that it did object to five other directories. (Lord Decl. Exh. G.)

IMVU opposes the motion to shorten time, arguing that any urgency was created by Forterra's delay in seeking additional access to the code and that Forterra's refusal to accept any compromise equals a failure to meet and confer in good faith. IMVU first asked Entine to

---

[2] Forterra claimed to believe that the Order's statement that if the parties cannot agree they "can bring the matter back before the court" was sufficient authority to set a hearing a mere seven days notice. In order to clarify any remaining confusion, a statement that the matter can be brought in front of the court does not authorize any time frame any party wishes. Unless specific authority is granted, the Civil Local Rules govern all papers filed in this, or any other, case.

1 identify specific files in the directories that he believed relevant.  Forterra refused.  (Lyon Decl.
2 Exh. 2.)  IMVU then asked Forterra to have Entine file a declaration stating that he believed all
3 the files in the disputed directories to be relevant.  Forterra refused.  (*Id.*).  IMVU then asked
4 Forterra to have Entine send it an email stating that all the files in the disputed directories were
5 relevant.  Forterra again refused.  (*Id.*).  IMVU then offered to simply re-designate all of the files
6 in the disputed directories.  (*Id.*).  Forterra still refused to withdraw its motion to compel unless
7 "IMVU agrees to allow for the re-designation of future directories/files identified by our
8 experts."  (Lord Decl. Exh. 3.)  Thus, unless IMVU promises to re-designate unspecified
9 portions of source code, Forterra insists upon proceeding with its motion to compel, even though
10 IMVU has agreed to re-designate all the files which Forterra is currently seeking.

11 The Court is deeply disturbed by Forterra's actions in relation to this Motion.  First,
12 Forterra misstates the substance and content of the Order.  The motion seeks "to compel IMVU
13 to comply with the Court's Order to re-designate the portions of the code identified by Mr.
14 Entine to be relevant to this action."  (Mot. at 4:2-3).  The Order, however, does not require any
15 re-designation of documents.  The Order only required the parties to "meet and confer to agree
16 upon a procedure by which Ferraro can seek to lower the designation of the source code to allow
17 it to be viewed by outside counsel."  (Order at 4:5-7.)  The parties met and conferred and agreed
18 upon a process.  Thus, there has been no violation of the Order.

19 Second, IMVU has agreed to re-designate all the files identified by Entine.  No additional
20 files are at issue in the current motion.  Thus, even under Forterra's portrayal of the Order, there
21 is nothing to compel.  Accordingly, Forterra's attempt to condition withdrawal of the motion on
22 a promise from IMVU that any additional files requested at a later date would be re-designated
23 is, at best, troubling.

24 //
25 //
26 //
27 //
28 //

### III. CONCLUSION

In light of IMVU's agreement to re-designate all of those files, the motion to compel is now moot. Accordingly,

It Is Hereby Ordered that:

1. The five disputed directories shall be re-designated to allow Outside Counsel to have access to them;
2. Forterra's Motion to Compel further compliance with court order is denied as moot; and
3. Forterra's Motion to Shorten Time for the Motion to Compel is also denied as moot;

IT IS SO ORDERED.

Dated: November 7, 2006

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge