UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FORTERRA SYSTEMS, INC., a California Corporation,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AVATAR FACTORY, a California Corporation, IMVU, inc., a Delaware corporation, and WILLIAM D. HARVEY, an individual<br><br>　　　　Defendants. | Case No.: C-05-04472 PVT<br><br>**ORDER GRANTING PLAINTIFF'S MOTION UNDER RULE 56(F) AND DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT AND PLAINTIFF'S MOTION FOR LEAVE TO PRESENT LIVE TESTIMONY AND PLAINTIFF'S MOTION TO STRIKE DECLARATION OF BRUCE DAMER** |

**I.   INTRODUCTION AND FACTUAL BACKGROUND**

Plaintiff Forterra Systems, Inc. ("Plaintiff") is the owner of U.S. Patent No. 6,784,901 ("the '901 patent).[1] The invention of the '901 patent relates to a method, system and computer program for delivering electronic chat messages in a three-dimensional ("3D") multi-user environment. Plaintiff claims that Defendants Avatar Factory and William D. Harvey, doing business as IMVU, Inc. ("Defendants") operate an on-line chat system that infringes the '901 patent. Presently before the court are Defendants' Motion for Summary Judgment of Non-

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

1  Infringement and Plaintiff's Motion for a Continuance under Rule 56(f), Motion for Leave to
2  Present Live Testimony and Motion to Strike Declaration of Bruce Damer.
3        On October 16, 2006, Defendants filed a motion for summary judgment of non-
4  infringement.  On October 31, 2006, Plaintiff filed a Motion for Hearing in Compliance with
5  Court's Order Granting Plaintiff's Motion to Compel Production of IMVU's Source Code.  As
6  detailed more fully in the Court's Order of November 7, 2006, the Court found Plaintiff's motion
7  improper on several grounds: 1) Plaintiff improperly set the hearing for November 7, 2006
8  without seeking an order shortening time; 2) Plaintiff misstated the substance and content of the
9  Order to Compel, seeking to compel re-designation of documents in compliance with the Order
10 when the Order did not require any re-designation of documents; and 3) Plaintiff refused to
11 withdraw the motion after Defendants agreed to all relief sought in the motion, instead seeking to
12 condition withdrawal of the moot motion on future advantages in the litigation.
13       On November 14, 2006, Plaintiff filed: 1)  a Motion for a Continuance of Defendants'
14 Motion for Summary Judgment pursuant to Rule 56(f); 2) a Motion to Shorten Time for the
15 Motion for a Continuance; 3) a Motion to Strike the Declaration of Bruce Damer in Support of
16 the Motion for Summary Judgment; 4) a Motion to Shorten Time for the Motion to Strike; 5) a
17 Motion to Proffer Live Testimony at the Summary Judgment Hearing; and 6) a Motion to
18 shorten time for the Motion to Proffer Live Testimony and 7) the Opposition to the Motion for
19 Summary Judgment.
20       On November 16, 2006, the court issued an order vacating the original hearing date for
21 the motion for summary judgment and ordered that the motion for continuance was to be decided
22 on the "Motion and Opposition, unless further briefing or hearing is specifically ordered."  On
23 November 22, despite this clear direction from the Court, Plaintiff filed an unauthorized Reply
24 brief for the Motion for Continuance.  In light of the clarity of the Order and Plaintiff's failure to
25 seek authorization for its Reply Brief, the Court has not considered the Reply Brief.
26 //
27 //
28 **//**

ORDER, *page 2*

## II. DISCUSSION

Rule 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ.P. 56(f). In order to prevail on a 56(f) motion, Plaintiff must show: 1) that it has set forth in affidavit form the specific facts that it hopes to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are "essential" to resist the summary judgment motion. *California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998). The moving party must also show that the movant has diligently pursued discovery. *See Employers Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004).

### A. Procedural Defect

Defendants argue that the motion should be denied because it fails to comply with the procedural requirements of Rule 56. By its terms, Rule 56(f) requires an affidavit setting forth why essential facts cannot be provided without further discovery. *See also California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998). Plaintiff submitted no such separate affidavit. Defendants allege that failure to supply the affidavit is grounds enough to deny the motion, citing *Campbell,* 138 F.3d at 779 *and Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986). The cases cited, however, hold that failure to move prior to the issuance of judgment and failure to submit an affidavit together are grounds to deny the motion. Moreover, Plaintiff relies upon sworn testimony from its expert, Richard Ferraro, that specific additional discovery is required. Accordingly, the mere failure to submit a separate affidavit is not sufficient grounds to deny the motion.

### B. Plaintiff Alleges Essential Information Is Needed

Defendants allege that Plaintiff has not identified specific facts that it expects to find that are essential to defeating summary judgment. Plaintiff asserts that its expert, Richard Ferraro, submitted a declaration stating: "With more time, and with the advantage of deposition of IMVU

fact witnesses, I could determine how this depth sorting occurs.") (Ferraro Decl. ¶ 103.) Defendants point out that Plaintiff does not explain why an understanding of how the depth sorting occurs is necessary to defeat summary judgment.

The parties dispute whether any analysis of source code is necessary to resolve the issue of infringement. Plaintiff argues that it needs more information about the source code in order to oppose the motion for summary judgment. Plaintiff argues that the accused product causes chat messages to be displayed at one or more three-dimensional locations and asserts that the discovery sought relating to the source code for depth sorting will provide evidence of infringement. Accordingly, Plaintiff has made the requisite showing that it seeks evidence that may be essential to defeat summary judgment.[2]

### C. Plaintiff Has Not Lacked Sufficient Diligence to Deny the Motion

Defendants argue that this motion should be denied because Plaintiff has not been diligent in seeking discovery. Plaintiff argues that it only had the source code for one week before the opposition was due. Actually, Defendants provided the source code to Plaintiff's expert Richard Ferraro on September 8, 2006. Plaintiff did not seek additional access to files until October 17, 2006, six weeks later, when Plaintiff asked Defendants to release a copy of the code to an additional expert, Steven Entine. Nonetheless, discovery does not close in this case until February 19, 2007. Accordingly, even though Plaintiff could have avoided certain delays in the record, its behavior is not fairly characterized as so lacking in diligence as to warrant denial of the motion.

For all of the foregoing reasons, Plaintiff is entitled to additional discovery prior to resolution of the summary judgment motion. In this case, substantial additional information is sought by Plaintiff. In light of the potential breadth of the new discovery, Defendants' current motion for summary judgment is denied without prejudice and Defendants may file a new motion for summary judgment. If Defendants find that any additional discovery is irrelevant to their motion, they may renew the original motion. Plaintiff indicated that it would be

---

[2]The Court expresses no opinion as to whether the issue of infringement can be resolved without analysis of the source code. The Court is simply unwilling to deprive Plaintiff of the evidence needed to support its theory of the case.

considering filing its own motion for summary judgment. If both sides file motions for summary judgment, the court will decide the issue as cross-motions for summary judgment. The process shall be that Defendants may file a Motion for Summary Judgment; Plaintiff may file a single document that is both Opposition and Cross Motion for Summary Judgment; Defendants may then file a single document that is both Opposition to Cross Motion and Reply to Motion; Plaintiff may then file a document that is solely in Reply to the Opposition to Plaintiff's Motion for Summary Judgment.

### III.   CONCLUSION

For the foregoing reasons, it is hereby Ordered that:

1. Defendants' Motion for Summary Judgment is Denied Without Prejudice;
2. Plaintiff's Motion for Leave to Present Live Testimony at the Summary Judgment Hearing is denied as moot.[3]
3. Plaintiff's Motion to Strike Declaration of Bruce Damer is denied as moot.

IT IS SO ORDERED.

Dated: December   14, 2006

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[3] The Court is not inclined to allow live testimony at any summary judgment hearing, but does not preclude Plaintiff from renewing its motion at an appropriate time.